FILED
2007 Jan-16 AM 09:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

**MAKAIRA AIRCRAFT SALES LLC and JAMES A. MASSEY,**

**Plaintiffs,**

**v.**

**SIERRA INDUSTRIES, INC., MARK HUFFSTUTLER, et al.,**

**Defendants.**

**Case No.: 2:06-CV-1770-VEH**

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Defendants' Motion to Dismiss for Lack of Jurisdiction (doc. 2); and (2) Plaintiffs' Motion to Stay the Resolution of Defendants' Motion to Dismiss and for Leave to Conduct Jurisdictional Discovery (doc. 15). Both motions are opposed. For the reasons stated herein: (1) the court **DEFERS** ruling on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction; and (2) Plaintiffs' Motion to Stay the Resolution of Defendants' Motion to Dismiss and for Leave to Conduct Jurisdictional Discovery is **GRANTED**.

## Facts and Procedural History[1]

[1]The facts as presented in this section are gleaned exclusively from Makaira's Complaint (doc. 1). It appears from the pleadings that the underlying contract consists of either a single or multiple verbal agreements among the parties; accordingly, all references in this section to the terms of the "contract" are derived from Plaintiffs' Complaint.

On July 28, 2006, Makaira filed a Complaint against Sierra in the Circuit Court of Jefferson County, Alabama, asserting claims for breach of contract (Count I), misrepresentation (Count II), wrongful encumbrance and lien (Count III), conversion (Count IV), deceit (Count V), negligence (Count VI), and wantonness (Count VII). Sierra removed the above-styled action to federal court on September 6, 2006.

Plaintiff Makaira Aircraft Sales, L.L.C. is a limited liability company organized under the laws of the State of Tennessee whose sole member is James A. Massey. Makaira Aircraft Sales, L.L.C.'s principle place of business is in Bessemer, Alabama. Plaintiff James A. Massey is an adult resident of Okaloosa County, Florida.

Defendant Sierra Industries, Inc. is a corporation organized under the laws of the State of Texas with its principle place of business in Uvalde, Texas. Defendant Mark Huffstutler is an adult resident of the State of Texas.

Makaira owns and operates a Cessna Citation jet aircraft N212M ("aircraft") which is based in and operated from Bessemer, Alabama. (Compl., ¶ 5). Makaira wished to have certain repairs and modifications made to the aircraft. (Compl., ¶ 6). Plaintiffs allege that Sierra contacted Makaira and Massey in the State of Alabama and that Sierra represented that it "could perform certain repairs and modifications" to the aircraft "properly" and "in accordance with standards set forth by Cessna Aircraft and the FAA." (Compl., ¶¶ 7, 11). Plaintiffs and Sierra thereafter entered

into negotiations regarding the repairs and modifications. (Compl., ¶ 8). Pursuant to those negotiations, Plaintiffs transported the aircraft to Memphis, Tennessee, where Sierra's representatives met the aircraft and transported it to Texas for the completion of the repairs. (Compl., ¶ 9). As of July 28, 2006, Plaintiffs have paid to Sierra the sum of $50,000.00 for the repairs and modifications (Compl., ¶ 10).

After "several visits" to Sierra's Texas facility, Massey "developed concerns about the quality and performance of the repairs and modifications made by [Sierra]" to the aircraft. (Compl., ¶ 12). In light of these concerns, Plaintiffs engaged Cessna Aircraft Company to conduct an independent audit and inspection of all repairs and modifications made by Sierra to the aircraft. (*Id.*). Cessna performed the audit and inspection in October 2001 and "identified errors and/or omissions made by Sierra in the repairs and/or modifications." (Compl., ¶¶ 12, 13). Thereafter, Plaintiffs "engaged Cessna Aircraft Company to complete all unfinished repairs and modifications." (Compl., ¶ 13).

Plaintiffs allege that the audit and inspection conducted by Cessna Aircraft Company revealed that Sierra "misrepresented the repairs and/or modifications which were alleged to have been completed by [Sierra]."[2] (Compl., ¶ 14). Further,

[2]The parties agree that any work performed by Sierra on Makaira's aircraft was done in Uvalde, Texas.

Plaintiffs assert that they were billed for repairs and modifications that were not completed as well as for parts, labor, and supplies which were not used during the repair or modification of the aircraft. It is Plaintiffs' contention that Sierra utilized the aircraft's original equipment or, additionally, "used" parts and supplies in performing the repairs and modifications; yet, Sierra billed Plaintiffs for new parts and supplies. (*Id.*). Plaintiffs dispute the balance owed to Sierra in that Sierra "refused to properly recalculate or otherwise give proper credits for disputed work." (Compl., ¶ 15).

Sierra caused an encumbrance and lien to be placed on Makaira's aircraft. (Compl., ¶ 16).

## II. Discussion

This case presents an interesting situation. In the Complaint, Plaintiffs aver that Defendants, all residents of Texas, maintain "regular" business contacts with Alabama such that general jurisdiction is applicable. Defendants counter, through the affidavits of Mark Huffstutler, that they do not have regular business contacts with Alabama. Presumably in an effort to establish specific jurisdiction, Plaintiffs allege that it was Defendants who initiated contact with Plaintiffs while Plaintiffs were located in Alabama. Through the Huffstutler affidavits, Defendants assert that it was Plaintiffs who initiated contact. In short, the parties have made diametrically opposed

statements regarding the necessary foundation for *in personum* jurisdiction, whether it be specific or general jurisdiction. Plaintiffs rely on their Complaint; Defendants rely on the Huffstutler affidavits. All parties argue, with supporting Eleventh Circuit case law, that the court has an obligation to view the facts in a light most favorable to each side's position where the court does not hold an evidentiary hearing.[3]

Where an evidentiary hearing has not been held, the plaintiff bears the initial burden of establishing a *prima facie* case of personal jurisdiction over a nonresident defendant. *See Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006); *see also Meier ex rel. Meier v. Sun Intern. Hotels, Ltd.*, 288 F.3d 1264, 1268-1269 (11th Cir. 2002); *S & Davis Intern., Inc. v. The Republic of Yemen,* 218 F.3d 1292, 1303 (11th Cir. 2000). "A *prima facie* case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." *Hotels, Ltd.*, 288 F.3d at 1269 (quoting *Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir. 1990)). In a situation, such as the case at bar, where a "defendant submits affidavits to the contrary, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction unless those affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Id*. (citing *Posner v. Essex Ins. Co.,* 178 F.3d 1209, 1215 (11th Cir. 1999)). "Where

[3]Neither Plaintiffs nor Defendants have requested an evidentiary hearing in this matter.

the plaintiff's *complaint and supporting evidence* conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *Id*. (citing *Madara,* 916 F.2d at 1514) (emphasis added).

However, where an evidentiary hearing is conducted, "a court is required to make an independent factual assessment of a defendant's contacts with the forum when deciding whether it possesses jurisdiction over that defendant." *Lasalle Bank N.A. v. Mobile Hotel Properties, LLC*, 274 F.Supp.2d 1293, 1297 (S.D. Ala. 2003) (quoting *Mellon Bank (East) PSFS, National Assoc. v. Farino*, 960 F.2d 1217, 1224 (3rd Cir. 1992) (internal marks omitted). "Each case must be judged on its particular facts." *Id.* (citing *Burger King,* 471 U.S. at 485, 105 S.Ct. 2174); *see also Kulko v. California Superior Court,* 436 U.S. 84, 92, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978) ("[T]he *International Shoe* 'minimum contacts' test is not susceptible to mechanical application; rather, the facts of each case must be weighed to determine whether the requisite 'affiliating circumstances' are present." (internal citations omitted)). Furthermore, "[r]esolution of a pretrial motion that turns on findings of fact-for example, a motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2)-may require some limited discovery before a meaningful ruling can be made." *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (11th Cir.1997).

Due to the paradoxical nature of the parties' factual allegations and in light of the court's task of rendering findings of fact in this matter, the court will permit limited discovery. Accordingly, Plaintiffs' Motion to Stay the Resolution of Defendants' Motion to Dismiss and for Leave to Conduct Jurisdictional Discovery is **GRANTED**. The court hereby **DEFERS** ruling on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction until after an evidentiary hearing is held.

The parties are granted leave to conduct limited discovery related to specific and general jurisdiction. All limited discovery as permitted herein is to be completed within thirty (30) days from the date of this Order. The parties' time to respond to written discovery requests is hereby shortened to fourteen (14) days. The parties will submit, within 11 days from the close of limited discovery, updated briefs, not to exceed 20 pages in length, and evidentiary submissions on the issue of personal jurisdiction in this case. The briefs shall also address whether, should the court determine that it has personal jurisdiction over Defendants, venue would be more appropriate in another judicial district.

An evidentiary hearing will be held before the undersigned at the Hugo Black Federal Courthouse, 1729 5th Avenue North, Birmingham, Alabama 35216, in Courtroom 6A on Thursday, March 1, 2007, at 2:00 p.m.

All future pleadings that do not conform to the requirements of the Uniform

Initial Order and this court's Standing Order may be struck.

**DONE** and **ORDERED** this 16th day of January, 2007.

**VIRGINIA EMERSON HOPKINS**
United States District Judge